UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE CAVIGNAC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13612** |
| **INDIAN HARBOR INSURANCE COMPANY** | **SECTION: "H" (4)** |

**ORDER**

Before the Court is Defendant Steadfast Insurance Company ("Steadfast")'s **Motion to Fix Attorney's Fees (R. Doc. 36)** seeking an order from this Court awarding attorneys' fees in connection with filing their Motion to Compel (R. Doc. 30) and in the amount of $901.00 against the Plaintiffs. This motion is opposed. R. Doc. 41. This motion was originally set for submission on July 7, 2021 and was heard on the briefs.

I.    **Background**

Plaintiffs, Clarence Cavignac and Frances Cavignac, filed this case on November 15, 2019, arising out of a vehicle collision. R. Doc. 2. Plaintiffs allege that on November 30, 2017, they were riding in a "Lyft"—a rideshare vehicle. R. Doc. 12. As their Lyft driver, Lewis Ratliff, was driving down Tchoupitoulas Street in New Orleans, Louisiana, another driver failed to stop at a stop sign at an intersection and struck the Lyft vehicle in its rear right side. *Id.* The driver of the other vehicle fled the scene after the collision and was never identified. *Id.* Plaintiffs allege as a result of the vehicle collision they suffered severe injury to this head, necks, shoulders, chests, lower backs, legs, and body generally. *Id.* Plaintiffs seek damages from Defendant Steadfast as Steadfast issued an underinsured/uninsured insurance policy that covered Ratliff's vehicle. *Id.*

On April 27, 2021, Defendant Steadfast filed a motion to compel Plaintiff Frances Cavignac's Independent Medical Examination as well as both Plaintiffs' depositions. R. Doc. 30.

Plaintiffs did not file a response and Defendant's motion was granted as unopposed. R. Doc. 35. In addition, the Court awarded attorney's fees. *Id.*

As such, Defendant filed the instant motion to fix attorneys fees in the amount of $901.00, which was incurred bringing the motion to compel. R. Doc. 36. Defendant also seeks fees and costs associated with this motion. *Id.*

On June 15, 2021, Plaintiffs filed their opposition to Defendant's motion for attorney's fees. R. Doc. 41. In their opposition, Plaintiffs complain that they were not provided and unredacted version of Defendant's billing affidavit of billing records. *Id.* In addition, Plaintiffs complain that the motion to compel should have been mooted because Plaintiffs' counsel provide IME date prior to the filing of the motion. *Id.* Plaintiffs contend Defendant is not entitled to a fee award on a moot motion. *Id.*

On June 16, 2021, the Court released an unredacted version of the billing affidavit and billing records to Plaintiffs for their review. R. Doc. 43. The Court further provided that the Plaintiffs could review the records a file and supplemental opposition into the record contesting the fee award no later than July 7, 2021. To this day, Plaintiffs have filed no such opposition.

**II.     Standard of Review**

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by ". . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, ". . . provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors

2

delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

### III. Fee Award

Before the Court addresses the reasonableness of the fee amount, it finds it necessary to address Plaintiffs' contention that an award is unnecessary as the motion to compel was moot. Here, the Plaintiffs complain that the IME was scheduled in advance of Defendant even filing its motion to compel, rendering the motion to compel moot from the outset.

The Court record reflects that on April 26, 2021, Defendant first filed its motion to compel. R. Doc. 28. Initially, the Clerk of Court deficiented the document for failure to attach a Rule 37 meet and confer certificate. That following day, on April 27, 2021, Defendant refiled its motion to compel at 10:48 a.m. curing the deficiency the clerk noted.

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

While Plaintiffs append two documents to their opposition to demonstrate that the motion was moot—an April 28, 2021 letter correspondence and an April 27, 2021 email correspondence sent at 3:29 p.m.—both of these documents were transmitted after the initial motion to compel was filed and cured. Therefore, the Court record reflects that motion to compel prompted the discovery resolution. Moreover, and most importantly, Plaintiffs failed to file anything into the record such as a response or opposition stating that the motion was moot. Plaintiffs gave the Court no indication that the motion was moot until after the Court awarded attorneys' fees.

Rule 37 provides that "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . . require the party that necessitated the motion . . . .to pay the movant's reasonable expenses incurred in making the motion. . ." Fed. R. Civ. P. 37(a)(5)(A).

Here, the motion was granted. In addition, even if the motion was moot by the time the Court ruled on it, the evidence that Plaintiffs provides indicates that the discovery was provided after the motion was filed. In either situation, the fee award is proper. Because the Court finds that its award of attorneys' fees is proper, the Court will proceed to the fee assessment.

IV.     **Reasonable Hourly Rate**

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an

affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, Defendant's counsel seeks a reasonable hourly rate of $170.00 per hour for the work done by attorney Jennifer M. Young. R. Doc. 37-2. Young graduated from Tulane Law School in 2010 and that same year was admitted to practice law in the State of Louisiana. Young has nearly twelve (12) years of experience in general civil litigation. *Id.* Importantly, Plaintiffs do not oppose the hourly rate proposed by Young. As such, the Court finds the rate *prima facie* reasonable.

### V. Hours Reasonably Spent on Litigation

Next, the Court must determine what hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time-expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational*

*Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds, Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

Defendant here contends that it took her a total of 5.3 hours to draft the motion to compel. R. Doc. 37-2, p. 6. Defendant's motion to compel was four (4) pages in length, with a seven (7) page supporting memorandum that cites both statutory and case law that supports the setting of an IME. R. Doc. 30. The supporting memorandum and underlying motion thoroughly lay out the facts, the attempts to set an IME, as well as case law that supports granting a parties' request to hold an IME. In addition, Defendant appended ten (10) exhibits to the motion which are comprised of emails between counsel that attempted to set the IME. *See* R. Doc. 30-4 to 30-13.

In this situation, the Court finds it reasonable that Defendant spent 5.3 hours, drafting the motion to compel, drafting the memorandum in support, identifying exhibits in support, and researching possible sanctions to include as a possible remedy in motion to compel. The Court, therefore, finds that an award of 5.3 hours is reasonable.

Notwithstanding, the Court is unclear what Defendant means when it seeks "$901.00 plus fees and costs associated with this motion." R. Doc. 36. The Court presumes that the Defendant would also like an award for the time it took drafting the motion to fix attorneys fees. However, the Defendant provides no records of research or the time it took drafting associated with this motion and nor would such fees be recoverable. *See Leonard v. Chet Morrison Contractors, L.L.C.*, No. CV 19-1609, 2021 WL 493070, at *3 (E.D. La. Feb. 10, 2021) (disallowing fee recovery on motion to fix attorney's fees because "[w]hen the motion for attorneys' fees is in connection to a Rule 37(a) motion to compel . . . the reasonable hours recoverable under Rule 37 are limited to only those hours directly connected to the motion to compel.").

## VI. *Lodestar* Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for the attorney as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---|---|---|
| Jennifer M. Young | $170.00 | 5.3 | $901.00 |
|  |  | Total: | $901.00 |

The total *Lodestar* amount then is **$901.00**.

## VII. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## VIII. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Fix Attorney's Fees (R. Doc. 36)** is **GRANTED.** Defendant is awarded reasonable attorneys' fees and expenses in the amount of **$901.00**.

**IT IS FURTHER ORDERED** that Plaintiffs shall satisfy its obligation to Defendant no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 20th day of July 2021.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**